## BURLEIGH *versus* LUMBERT.

Though a mill-dam have occasioned land to be flowed more than twenty years, yet, if the damage thereby occasioned commenced *within* that period, a claim to continue the flowing, without compensation, cannot be maintained upon prescription.

COMPLAINT for flowing land.

TENNEY, J. — It is stated in the complaint, which was filed December 19, 1846, that the mills, and the dam, which was the cause of the damages alleged to have been sustained thereby, were erected in the year 1826. The defence attempted to be maintained is a prescriptive right in the respondent to flow the land in question.

The evidence shows the erection of the mills and the dam in the year 1826, and a flowing thereby about the first of Dec. of that year. It is also proved, that in the year 1827

Burleigh *v.* Lumbert.

or 1828, the dam having settled in the centre, some timber was put upon it to restore the level, and it was then raised above the original height and flowed more than it had previously done; and that the owner of the mill was called on for damages in consequence, after it was thus raised, by an owner of land flowed, who had not demanded any before. It was shown that hay was made from the grass, which had grown on the meadow, now owned by the complainant, before the flowing in 1826; that it was low meadow then, partly covered with grass and partly with bushes; that it was in the same situation at the time of the trial, in which it was at that time, excepting the effect of the flowing, and that the growth had since been killed thereby.

As the law was before the Revised Statutes, unless damages were sustained by the owner of land flowed, he could not prevent such flowing, or maintain any suit or process for the purpose of recovering damages therefor; and no prescriptive right to flow without the payment of damages, could be acquired against him. *Nelson* v. *Butterfield & al.* 21 Maine, 220. The burden to show the prescriptive right to flow is upon the party asserting it.

In this case, it is not shown, that the injury to the land alleged by the complainant to have been flowed, was earlier than the year 1827 or 1828, (which was less than twenty years before the filing of the complaint,) when the dam was increased in height; and hence no process for the recovery of damages could have been maintained before that event. This is not inconsistent with the allegation in the complaint, that, "by reason of said dam being made across said stream, the water in said stream flowed, and overflowed," &c. It may be true, that the flowing was the result of the erection of the dam, but that there was no flowing which caused damage to the complainant, till long afterwards, is clear.

*Respondent to be defaulted and the*
*case to stand for further proceedings.*

*J. Godfrey*, for the complainant.

*Rowe* and *Bartlett*, for the respondent.